RICHARD C. VASQUEZ /CA SB # 127228
ERIC W. BENISEK /CA SB # 209520
VASQUEZ BENISEK & LINDGREN LLP
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94546
Telephone:     (925) 627-4250
Facsimile:      (925) 403-0900
rvasquez@vbllaw.com
ebenisek@vbllaw.com

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIRSTOPHER KENNEDY and CLAIRE GARDULSKI, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>AMERICAN AVENUE PROPERTY MANAGEMENT LLC, SFR3 OPERATOR LLC, SFR3 PROPERTIES LLC, and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No:    4:25-cv-04825-JST<br><br>**DEFENDANTS AMERICAN AVENUE PROPERTY MANAGEMENT LLC, SFR3 OPERATOR LLC, AND SFR3 PROPERTIES LLC'S ANSWER TO THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants, American Avenue Property Management LLC ("AAPM"), SFR3 Operator LLC (SFR3O") and SFR3 Properties LLC ("SFR3P"), (collectively "Defendants"), by and through undersigned counsel, as and for its Answer to Plaintiffs' Original Complaint ("Plaintiffs"), states as follows:

### GENERAL DENIAL

Unless specifically admitted below, Defendants deny each and every allegation in the Original Petition.

DEFENDANTS' ANSWER TO COMPLAINT                                                                                          1

**ANSWER TO INTRODUCTION**

1.1   SFR3 admits the Complaint seeks relief as a collective action under 29 U.S.C. §216(b). SFR3's business is described here. https://sfr3.com/our-mission/ SFR3 denies the remainder of the allegations in paragraph 1.

1.2   SFR3 admits the Complaint purports to bring this case on behalf of the named Plaintiffs and as a putative collective action on behalf of purportedly similarly situated employees of Defendants.

1.3   Denied.

1.4   SFR3 admits that Plaintiffs seek to bring this action as a putative collective action on behalf of himself and other similarly situated individuals pursuant to the FLSA, but denies that any unnamed parties have requested a jury trial.

## II.   ANSWER TO PARTIES

**A.   PLAINTIFFS**

2.1   SFR3 admits that Mr. Kennedy worked for Defendant AAPM, but denies the remainder of the allegations of this paragraph.

2.2   SFR3 admits that Ms. Gardulski worked for Defendant AAPM, but denies the remainder of the allegations of this paragraph.

2.3   Denied.

**B.   DEFENDANTS**

2.4   Admitted.

2.5   Admitted.

2.6   Denied

2.7   Admitted.

2.8   Admitted.

2.9   Denied.

2.10   Admitted.

2.11   Admitted.

2.12   Denied.

1  2.13  Denied.

2  2.14  Denied

3  2.15  Denied

4  2.16  Denied.

### III.   ANSWER TO JURISDICTION AND VENUE

6  3.1  Admitted.

7  3.2  Admitted.

### IV.   ANSWER TO DIVISIONAL ASSIGNMENT

9  4.1  Admitted.

### V.   ANSWER TO FACTUAL BACKGROUND

5.1  SFR3 is the owner of residential properties in various states in the U.S. AAPM is a property manager. Defendants deny the remainder of the allegations.

5.2  Defendants admit that both of them have hired numerous employees in the past three years and deny the remainder of the allegations in this paragraph.

5.3  Denied.

5.4  Denied.

5.5  Denied.

5.6  Denied.

5.7  Denied.

5.8  Denied.

5.9  Denied.

5.10  Denied.

5.11  Denied.

5.12  Denied.

### VI.   ANSWER TO COLLECTIVE ACTION ALLEGATIONS

6.1  Defendants incorporate by reference each of the preceding paragraphs in this answer.

6.2  Denied.

1       6.3     Denied.

2       6.4     Denied.

3       6.5     Denied.

4       6.6     Denied.

5       6.7     Denied.

6       6.8     Denied.

7       6.9     Denied.

      6.10    Defendants are without sufficient information to either admit or deny the allegation in this paragraph and on that basis deny it.

      6.11    Defendants are without sufficient information to either admit or deny the allegation in this paragraph and on that basis deny it.

      6.12    Denied.

      6.13    Defendants admit Plaintiffs are making the request in this paragraph.

      6.14    Defendants admit Plaintiffs are making the request in this paragraph, but deny they are entitled to the relief requested.

      6.15    Denied.

      6.16    Defendants admit Plaintiffs are making the statement of intention in this paragraph.

      6.17    Defendants are without sufficient information to either admit or deny the allegation in this paragraph and on that basis deny it.

## VII.   ANSWER TO COUNT 1 – VIOLATIONS OF THE FLSA

      7.1     Defendants incorporate by reference each of the preceding paragraphs in this answer.

      7.2     Defendants admit the named parties in the complaint were formerly employed by one of the Defendants, but deny the remainder of the allegations in this paragraph.

      7.3     Denied.

      7.4     Denied.

      7.5     Denied.

      7.6     Denied.

7.7 Denied.

7.8 Denied.

7.9 Denied.

7.10 Denied.

## VIII.   ANSWER TO JURY DEMAND

8.1 Admitted that Plaintiffs make the demand for a jury trial.

## IV.   AFFIRMATIVE DEFENSES

FURTHER, AS SEPARATE AFFIRMATIVE AND OTHER DEFENSES to each and every cause of action of the complaint, these answering Defendants are informed and believe, and on such information and belief allege as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over some or all of Plaintiffs' claims. The Court does not have jurisdiction to adjudicate a collective action consisting of non-California employees.

### THIRD DEFENSE

Defendants neither knew nor had reason to know that Plaintiffs and/or other allegedly similarly situated employees were working the alleged unpaid time and/or more than 40 hours in a workweek.

### SIXTH DEFENSE

Any unpaid time allegedly worked by Plaintiffs and/or allegedly similarly situated persons was *de minimis* and not compensable under the FLSA.

### SEVENTH DEFENSE

Plaintiffs failed to report any time shows that they worked, and they did not exceed the 40 hour works week.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

DEFENDANTS' ANSWERT TO COMPLAINT    5

**NINTH DEFENSE**

Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**TENTH DEFENSE**

The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

**ELEVENTH DEFENSE**

Any alleged activities by Plaintiffs and/or other allegedly similarly situated employees in excess of fourty (40) hours in a workweek and/or that were allegedly unpaid were not an integral and indispensable part of their principal activities of employment and do not constitute compensable work.

**TWELFTH DEFENSE**

Plaintiffs' Complaint fails to meet the criteria for an FLSA collective action, including that the purported collective action members are "similarly situated" to Plaintiffs.

**THIRTEENTH DEFENSE**

Plaintiffs positions at AAPM were administrative and exempt from compliance with the FLSA, which applies to salaried employees whose primary duty involves office or non-manual work directly related to the management or general business operations of the employer or its customers and who exercise discretion and independent judgment on significant matters. 29 CFR §541.

**FOURTEENTH DEFENSE**

Plaintiffs positions at AAPM were exempt from the FLSA by reason that they were highly compemsated employees under the statute. 29 CFR §541

Defendants reserves the right to designate additional defenses as they come to light in the course of investigation, discovery, or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

a. For judgment in favor of defendants in all respects;

b. That plaintiffs take nothing in this action;

c. That collective action status be denied;

d. For attorneys' fees against the named plaintiffs and plaintiff's counsel;

e. For costs of suit herein incurred;

DATED: July 8, 2025

V<small>ASQUEZ</small> B<small>ENISEK</small> & L<small>INDGREN</small> LLP

By: */s/ Richard C. Vasquez*
Richard C. Vasquez
*Counsel for Defendants: American Avenue Property Management LLC, SFR3 Operator LLC, SFR3 Properties LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July 2025, I electronically filed the foregoing Answer to Plaintiffs' Original Complaint (ECF No. 1) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

Khonda Kaye Hunter Wills
Wills Law Firm, PLLC
1776 Yorktown Suite 750
Houston, TX 770656
rwills@rwillslawfirm.com

*/s/ Richard C. Vasquez*
Richard C. Vasquez

DEFENDANTS' ANSWER TO COMPLAINT                                                                                                7